The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: October 7 2011

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 11-31518 |
| | ) | |
| Gary E. Kuhns, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION REGARDING MOTION TO DISMISS

This case is before the court on a Motion to Dismiss Case ("Motion") pursuant to 11 U.S.C. § 707(a) filed by the United States Trustee ("UST") [Doc. # 9] and Debtor's response [Doc. # 12]. The basis of the UST's Motion is Debtor's failure to disclose his wife's income on his bankruptcy schedules. The court held a hearing on the Motion that Debtor, Debtor's counsel and counsel for the UST attended in person. At the hearing, the parties had the opportunity to present evidence and testimony in support of their positions. Having considered the UST's Motion, Debtor's response and his testimony at the hearing, for the reasons that follow, the court will grant the Motion.

### BACKGROUND

Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on March 23, 2011. His Bankruptcy Schedule I states that he is married and has one minor child. He is employed as a pressman at Kay Toledo Tag, a business owned by his wife's family. Debtor testified that his wife is also employed at Kay Toledo Tag where she works in the office and as a sales representative.

Debtor lives with his wife and daughter in a home owned by his wife. Thus, on Official Form B22A, Statement of Current Monthly Income and Means-Test Calculation, also known as the means test, filed with his petition, Debtor properly states that he has a household size of three. [Doc. # 1, p. 43/48]. He also properly indicates his marital/filing status as "[m]arried, not filing jointly, without the declaration of separate households set out on line 2.b."[1] [*Id.* at p. 42, line 2.c]. Form B22A instructs such debtors to complete both column A (Debtor's Income) and column B (Spouse's Income) for the income portion of the means test. Debtor discloses his average monthly income during the six months before filing in the amount of $2,027.17 but does not disclose his wife's income. Because Debtor's annualized income falls below the applicable median family income for a household size of three, he indicates that a presumption of abuse does not arise under 11 U.S.C. § 707(b) and he did not complete Part V of Form B22A, Calculation of Deductions From Income, and Part VI, Determination of § 707(b)(2) Presumption. [*Id.*, p. 43, line 15].

In addition, Debtor discloses his monthly income on Schedule I in the amount of $2,270.32 but does not disclose his wife's income. [*Id.*, Schedule I, p. 23/48]. On Schedule J, Debtor reports expenses totaling $2,665.00. His expenses do not include an expense for housing or for utilities, other than his cell phone. They do include, among other things, a food expense in the amount of $800.00, medical and dental expenses of $350.00, a daycare expense of $705.00, a diaper expense of $100.00 and a pet food/pet care expense of $100.00. Debtor's Schedule J thus shows a negative $394.68 monthly income after expenses. Debtor testified that the $800.00 food expense is the food expense for the entire family and that he pays the entire amount of the daycare expense.

At the hearing on the Motion, Debtor also testified that he does not know, and has never known, his wife's income or the expenses associated with their home (*i.e.* the mortgage expense and utilities), which his wife pays. According to Debtor, his wife refuses to give him this financial information. He testified that during the five years that they have been married, he and his wife have never filed a joint income tax return. He further testified that she refuses to contribute to the payment of his debts.

Although living with his wife, Debtor testified that his wife has told him that she wants a divorce and, on the day of the hearing, presented him with a proposed separation agreement. However, no legal proceeding had been commenced in connection with the proposed agreement.

---

[1] The declaration on line 2.b of Form B22A states as follows: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code."

## LAW AND ANALYSIS

The UST moves for dismissal of this case "for cause" under 11 U.S.C. § 707(a) based on Debtor's failure to disclose his wife's income on Schedule I. As the moving party, the burden of proving "cause " under § 707(a) is on the UST. *Simon v. Amir (In re Amir)*, 436 B.R. 1, 16 (B.A.P. 6th Cir. 2010). Section 707(a) provides:

> The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including –
>
> . . . .
> (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee.

Section 521(a)(1), in turn, requires a debtor to file, "unless the court orders otherwise. . . a schedule of current income and current expenditures." 11 U.S.C. § 521(a)(1)(B)(ii). In order to comply with this filing requirement, a debtor must file Schedule I, Current Income of Individual Debtors, and Schedule J, Current Expenditures of Individual Debtors. *See* Fed. R. Bankr. P. 1007(b)(1)(B) (providing that debtors file a schedule of current income "prepared as prescribed by the appropriate Official Forms"). As does Form B22A, the instructions for Schedule I require a married debtor to disclose a non-filing spouse's income unless the spouses are separated and a joint petition is not filed. The instructions for Schedule J require a debtor to disclose the average or projected monthly expenses of the debtor and the debtor's family. Rule 9009 of the Federal Rules of Bankruptcy Procedure provide that, with one exception not applicable here, "the Official Forms prescribed by the Judicial Conference of the United States shall be observed and used with alterations as may be appropriate." Thus, the information required by § 521(a)(1)(B)(ii) is, at a minimum, the information required by Schedules I and J.[2]

A debtor must provide complete and accurate information required by the schedules in order to enjoy the benefits of bankruptcy. *Clippard v. Russell (In re Russell)*, 392 B.R. 315, 361 (Bankr. E.D. Tenn. 2008). A debtor's failure to do so impairs the UST's ability to perform the duties required of him under the Bankruptcy Code. In particular, the UST is required to review the information filed by a debtor and decide whether to request dismissal of the case where the information suggests that granting the debtor a discharge

---

[2] Some courts have found that the information required by § 521(a)(1) also includes the information required by Form B22A. *See, e.g., Turner v. Close (In re Close)*, 384 B.R. 856, 870 (D. Kan. 2008); *In re Woodard*, No. 09-10201, 2009 WL 1651234, *2, 2009 Bankr. LEXIS 1425, *3-4 (Bankr. M.D.N.C. June 10, 2009).

3

would be an abuse of the provisions of Chapter 7. *See* 11 U.S.C. § 704(b)(1). Critical to this initial determination by the UST and final determination by the court is the debtor's household income and expenses. *See* 11 U.S.C. § 707(b)(2) and (3).

Where a married debtor has not filed a joint petition with his spouse, the spouse's income is nevertheless necessary in considering whether, under § 707(b)(3), the totality of the circumstances of the debtor's financial situation indicates that granting relief would be an abuse of the provisions of Chapter 7. It is also necessary as an initial matter to determine whether a presumption of abuse arises under § 707(b)(2). In this case, neither determination can be made as Debtor has not disclosed his wife's income. Although Debtor states that his wife refuses to provide this information and refuses to contribute to payment of his debts, that fact is not an appropriate basis for the court to modify the information required to be disclosed on Schedule I and Form B22A. While it may not be necessary for a non-filing spouse's income in excess of that paid on a regular basis for the household expenses of a debtor and the debtor's dependents to be applied to pay the debtor's creditors, the spouse's income information is necessary to make the determinations required under § 707(b)(2) and (3). *Clippard v. Hemming (In re Hemming)*, Case No. 06-33376, 2007 Bankr. LEXIS 3322, *12 (Bankr. D. Ky. Sept. 25, 2007)("It is clear to this Court that this information [non-filing spouse financial information] is not only relevant, but critical in order to properly evaluate whether a particular Chapter 7 case is abusive under § 707(b)."); *see* 11 U.S.C. § 707(b)(2)(A) (setting forth the calculation for determining whether a presumption of abuse exists that uses the debtor's "current monthly income" less certain monthly expenses permitted under the statute); 11 U.S.C. § 101(10a) (defining "current monthly income" to include "any amount paid by any entity other than the debtor . . . on a regular basis for the household expenses of the debtor or the debtor's dependents. . . ."); *In re Boatright*, 414 B.R. 526, 532, and n. 12 (Bankr. D. Mo. 2009) ("[C]ourts widely agree that a non-debtor spouse's income must be considered in determining whether a debtor's bankruptcy filing should be dismissed as abusive under 11 U.S.C. § 707(b)(3),..."); *In Re Harter*, 397 B.R. 860, 865 (Bankr. N.D. Ohio 2008).

Whether granting a Chapter 7 discharge would or would not be an abuse under § 707(b) does not, and cannot, depend on how a debtor and his spouse that share the same household decide, as between themselves, to handle their finances and divide their financial responsibilities. *See In re Stempky*, 437 B.R. 825 (Bankr. E.D. Mich. 2010). Because Debtor has not provided the information required by § 521(a)(1), the court will grant the UST's motion to dismiss.

The court will enter a separate order in accordance with this Memorandum of Decision.